IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROBERT A. CHESTER,

    Plaintiff,

v.                                                  Case No. 2:22-cv-00289

BETSY JIVIDEN, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

      Pending before the court are a Motion to Dismiss filed by Defendants Jonathan Frame, Ashley Hollingsworth, and Jarred Wilson [ECF No. 5], and a Motion to Dismiss filed by Defendant Josh Ward [ECF No. 27].[1] By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of these specific motions to the Magistrate Judge is **WITHDRAWN**. However, the matter shall otherwise remain referred to Magistrate Judge Tinsley. For the reasons stated herein, it is hereby **ORDERED** that Defendants' motions to dismiss [ECF Nos. 5 and 27] are **GRANTED**.

---

[1] The Motion to Dismiss filed by Defendants Betsy Jividen and Donald Ames [ECF No. 3] will be addressed by separate Memorandum Opinion and Order. Defendants James Crocker, Michael Dempsey, and Marshall Tincher filed an Answer to the Complaint [ECF No. 26] and the claims against them warrant further development through discovery. Defendant Brian Penick has not been successfully served with process and has not made an appearance herein.

I.     **Factual Background and Procedural History.**

    A.     **Plaintiff's complaint.**

This matter was removed from the Circuit Court of Kanawha County on July 14, 2022. [ECF No. 1]. According to the complaint, on March 9, 2021, Plaintiff was moved from general population to segregation at the Mount Olive Correctional Complex ("MOCC") after a powdery substance, alleged by an investigator[2] to be "fentanyl," was found in his cell. [ECF No. 1, Attach. 2 (hereinafter ECF No.1-2) at 10]. Plaintiff claimed that the substance was "flour" and refused to disclose where he obtained it. [*Id.*] Plaintiff further alleges that, when he was removed from general population, he was taken to the medical unit where, while handcuffed and shackled, he was "slammed, punched in my face, spit on, and verbally assaulted" by James Crocker ("Crocker"), Michael Dempsey ("Dempsey"), and Marshall Tincher ("Tincher"). [*Id.*]

Plaintiff further claims that this incident was reported to the shift commander, Brian Penick ("Penick"), as well as Associate Wardens Jonathan Frame ("Frame") and Jonathan Ward ("Ward"), and Plaintiff alleges that he was ultimately wrongfully charged with a disciplinary rule violation for assault stemming from this incident. [*Id.*] Plaintiff further alleges that the institutional magistrate, Jarred Wilson ("Wilson"), found him guilty of this "fictitious assault" and placed him in segregation for two months. [*Id.*] That decision was allegedly upheld on appeal by Warden Donald Ames ("Ames") and Commissioner Betsy Jividen ("Jividen"). [*Id.*] Plaintiff

---

[2] Although not specified in the complaint, it appears that Defendant Ashley Hollingsworth was the investigator involved.

further claims that Defendant Jividen "knows this happens all the time" but nonetheless denied both Plaintiff's grievance and his disciplinary appeal. [*Id.*]

Although Plaintiff fails to identify any specific legal bases for his claims, a liberal construction of the complaint suggests that he is alleging an Eighth Amendment excessive force claim against Defendants Crocker, Dempsey, and Tincher, which will be further developed in additional proceedings. The claims against the remaining Defendants appear to be grounded in the alleged filing of false disciplinary charges against Plaintiff and supervisory liability.

B.   **Defendants' motions to dismiss and related briefing**.

Defendants' motion documents assert that, in their official capacities, they are not "persons" who can be sued under 42 U.S.C. § 1983 and are further entitled to sovereign immunity under the Eleventh Amendment. [ECF No. 6 at 5-6; ECF No. 28 at 5-6]. Additionally, Defendants contend that the complaint fails to state any plausible claim upon which relief can be granted against them in their individual capacities and that they are entitled to qualified immunity. [ECF No. 6 at 6-7; ECF No. 28 at 6-7].

On August 18, 2022, Plaintiff responded to the motions filed by Defendants Jividen, Ames, Frame, Hollingsworth, and Wilson. [ECF Nos. 8 and 9].[3] Thereafter, those Defendants filed reply briefs. [ECF Nos. 10 and 11]. However, on September 2, 2022, Plaintiff filed additional briefs, which the Court has construed and

---

[3] Because Defendant Ward was served with process on a later date, his motion to dismiss [ECF No. 27], which was timely filed on November 18, 2022, was separately briefed. Plaintiff filed a response to his motion [ECF No. 30] on December 5, 2022. Ward did not file a reply brief.

authorized as sur-replies. [ECF Nos. 13 and 14]. Defendants were further granted leave to respond to the sur-replies. [ECF No. 16, 18, and 20]. Defendants' motions are now fully briefed and ripe for adjudication.

## II. Standard of Review

Defendants' motions are filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Additionally, the Fourth Circuit has yet to decide "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000); *see also Goss v. Muthrie*, No. 2:21-cv-01090-JMC-MGB, 2022 WL 3718602, at *2 n.1 (D.S.C. July 27, 2022). However, "the recent trend appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Jeffers v. W. Va. Div. of Corr. & Rehab.*, No. 3:19-cv-0462, 2020 WL 521851, at *3 (S.D. W. Va. Jan. 31, 2020), citing *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, at *3 (S.D. W. Va. July 12, 2013) (internal quotation marks and citations omitted). Thus, although not specifically pled by Defendants, the court will address their argument for dismissal under Rule 12(b)(1) as well.

### III. Discussion

#### A. Official capacity claims and sovereign immunity.

Plaintiff's complaint does not specify whether he is suing each Defendant in either their official or individual capacities, or both. However, to the extent that he is suing these Defendants in their official capacities, they are immune from suit. An individual who is employed by an arm of the State and sued in his official capacity is immune from suit in federal court under the Eleventh Amendment. *Fauconier v. Clarke*, No. 18-6489, 2020 WL 4046025, at *8-9 (4th Cir. Jul. 20, 2020); *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 250 (4th Cir. 2016), *as amended* (July 8, 2016). The Eleventh Amendment provides that "[t]he Judicial power of the United

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Such immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Id.*; *see also Hans v. Louisiana*, 134 U.S. 1, 9 (1980).

Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties, such as Plaintiff, seeking to impose monetary liability upon a state or state officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

Furthermore, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a state, its agencies, and its officials acting in their official capacity, are not "persons" under 42 U.S.C. § 1983. The vehicle for asserting Plaintiff's claims in federal court is § 1983. Thus, as asserted by Defendants [ECF No. 6 at 6; ECF No. 28 at 6], all Defendants, in their official capacities, are not persons who can be sued thereunder. Accordingly, I **FIND** that dismissal of all claims against Defendants in their official capacities is warranted.

  B. **Individual capacity claims and qualified immunity.**

Aside from Defendants Crocker, Dempsey, and Tincher, Plaintiff has not alleged that any of the other Defendants were personally involved in the alleged

6

assault on March 9, 2021. While Plaintiff's response to Defendant Ward's motion suggests, for the first time, that defense counsel informed him that Defendants Crocker, Dempsey, and Tincher were "ordered to assault the Plaintiff" by Defendant Ward [ECF No. 30 at 2], he cannot assert new claims or amend his current pleading through briefing. "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp.2d 731, 734 (D. Md. Sept. 11, 2006) (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)).

All the allegations against the remaining Defendants concern conduct that occurred <u>after</u> the alleged assault and there are no allegations in the complaint that any of these other Defendants has actual knowledge of a serious risk of harm to Plaintiff to which they were deliberately indifferent <u>before</u> the assault occurred. Thus, there is no basis for an Eighth Amendment claim against these other Defendants arising out of the alleged assault.

        1.    *Failure to investigate and false disciplinary charge.*

Rather, with respect to the remaining Defendants, the complaint appears to allege only an abstract claim arising out of the post-assault investigation and Plaintiff being charged with a "fictitious assault." However, the complaint does not allege any specific facts concerning each Defendants' conduct. Instead, Plaintiff just summarily asserts that "they allowed this to happen to me." [ECF No. 1-2 at 10].[4]

---

[4] Plaintiff's initial response to Frame, Hollingsworth and Wilson's motion to dismiss clarifies that he is asserting that Defendants violated his constitutional rights "by having [him] charged with a fictitious assault and not having assault investigated." [ECF No. 9 at 1]. He claims that these Defendants "had the chance to right the wrong and still have not as of today." [*Id.*] Plaintiff's sur-

7

As noted by Defendants' motion documents, however, there is no clearly established federal constitutional right at issue here. [ECF No. 6 at 3-5; ECF No. 28 at 4-5]. First, "[w]hile prison officials have a duty to protect inmates from assault, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), there is no constitutional requirement for them to investigate in a manner satisfactory to the plaintiff." *See Cruz v. McKenzie*, No. 21-cv-01276-RM-NRN, 2022 WL 3234763, at *4 (D. Colo. July 12, 2022), *report and recommendation adopted sub nom. Cruz v. Marquez*, No. 21-cv-01276-RM-NRN, 2022 WL 3227620 (D. Colo. Aug. 10, 2022) (other citations omitted); *see also Clary v. Lewis*, No. 5:12-CT-3204-D, 2015 WL 10910481, at *8 (E.D.N.C. Mar. 20, 2015) (standing alone, after-the-fact knowledge of and failure to investigate alleged assault amounted, at most, to violation of prison policy, not constitutional violation).

Moreover, to the extent that Plaintiff asserts that the Defendants herein failed to comply with prison policies or regulations, those provisions are "primarily designed to guide correctional officials in the administration of a prison," and are "not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *see also Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010). Thus, any failure to investigate Plaintiff's claims pursuant to policy does not establish that a constitutional violation occurred. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th

---

reply further contends that he "repeatedly raised the issue that he was being assaulted, beaten, abused, and mistreated by named institutional and WVDCR personnel" and that Defendants Frame, Hollingsworth and Wilson had a mandatory duty to protect him from such conduct. [ECF No. 13 at 5]. However, the complaint itself references only a singular assault and no prior awareness by these Defendants of any substantial risk of harm to Plaintiff before that assault occurred.

8

Cir. 2013) ("prison officials' failure to follow internal prison policies [is] not actionable under [section] 1983 unless the alleged breach of policy rises to the level of a constitutional violation.").

Furthermore, Defendants correctly contend that "[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights." (ECF No. 6 at 4-5; ECF No. 28 at 4-5) (citations omitted). The Fourth Circuit has recognized that, generally, false disciplinary charges cannot serve as the basis of a constitutional claim. *See McIntosh v. Freeman*, 66 F.3d 316, 1995 WL 552018, at *1 (4th Cir. 1995) (citing *Freeman v. Rideout,* 808 F.2d 949 (2d Cir.1986) (holding that bare claim of false charges does not state a § 1983 claim)); *Cole v. Holloway*, 631 F. App'x 185 (4th Cir. Feb. 1, 2016); *Richardson v. Ray*, 492 F. App'x 395, 396 (4th Cir. Aug 1, 2012); *Richardson v. Smith*, No. 2:14-cv-64, 2015 WL 9875842, at *10 (N.D. W. Va. Nov. 2, 2015), *report and recommendation adopted*, No. 2:14-cv-64, 2016 WL 237125 (N.D. W. Va. Jan. 20, 2016), *aff'd*, 668 F. App'x 508 (4th Cir. 2016) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."); *McClay v. Fowlkes,* No. 1:07-cv-1080, 2008 WL 3992637, *4 n.6 (E.D. Va. Aug. 27, 2008) ("To the extent the plaintiff claims that he was falsely accused, he fails to state a § 1983 claim because '[t]he prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.'") (internal citations omitted); *Anderson v. Green,* No. 082708, 2009 WL 2711885 *4 (D. Md. Aug. 24, 2009); *Riggleman v.*

9

*Ziegler,* No. 5:11–0868, 2012 WL 4119674, *5 (S.D. W.Va. Aug. 22, 2012) (inmates have no constitutional right prohibiting false charges against them). [*Id.*]

Nonetheless, such allegations may give rise to a constitutional claim when accompanied by allegations of retaliation or a denial of due process. As noted by the Court in *McIntosh, supra*:

> Such allegations may not stand on their own, but they do state claims when the guards' actions are allegedly motivated by a desire to retaliate for a prisoner's having filed lawsuits against officials. *Sprouse v. Babcock,* 870 F.2d 450 (8th Cir.1989); *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988); *Franco v. Kelly,* 854 F.2d 584 (2d Cir.1988). The complaint contained the allegation of retaliatory motive with regard to this claim, but the district court failed to address this fact or note that it might mandate a different outcome. *Compare Freeman v. Rideout,* 808 F.2d 949 (2d Cir.1986) (holding that bare claim of false charges does not state a § 1983 claim), *cert. denied,* 485 U.S. 982 (1988) *with Franco* [*v. Kelly*]*,* 854 F.2d 584 [(2d. Cir. 1988)] (holding that false charges plus retaliatory motive states § 1983 claim).

1995 WL 552018, at *1.

Here, however, the complaint does not allege that any of these Defendants acted in retaliation to protected conduct taken by Plaintiff, as necessary to state a plausible First Amendment retaliation claim. While Plaintiff's sur-reply attempts to state, for the first time and in a conclusory manner, that Defendants' actions in "electing not to fulfill their mandated duties" were "retaliatory in nature" [*Id.* at 6], as noted above, he cannot amend his complaint by adding new allegations in a response or reply brief. *See Clawson, supra,* 451 F. Supp.2d at 734. Thus, his attempts to assert new allegations of retaliation or due process violations in his sur-reply is inappropriate.

10

Likewise, Plaintiff's complaint does not allege that he was denied any procedural guarantees during his disciplinary proceedings, in order to state a plausible due process claim under the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990) ("due process requires written notice to the inmate of the charges, an opportunity for the inmate to call witnesses and present documentary evidence in his defense, and a written statement by the fact finders of the evidence relied upon and the reasons for the disciplinary action.") Plaintiff has not alleged that any of these requirements were not met. In sum, as noted in Defendants' reply, Plaintiff has not offered sufficient legal or factual support for his broad assertion that Defendants should be held liable for allegedly falsely charging him with a disciplinary violation or not properly investigating the alleged assault. [*Id.* at 2-4].

    2.    *Due process claim related to grievance process.*

Plaintiff's sur-reply also appears to suggest, for the first time, that Defendants' conduct violated his due process rights grounded in alleged interference with his right to petition for redress through the grievance process. [*Id.* at 4]. Nonetheless, there is no constitutional right to a grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (inmates have no constitutional entitlement or due process interest in access to a grievance procedure). Moreover, Plaintiff's complaint does not allege that these Defendants had any role in or otherwise interfered with the grievance process. Thus, Plaintiff's new, conclusory factual allegations do not give rise to a plausible due process claim on this basis.

11

### 3. *Supervisory liability.*

Like his claims against Defendants Jividen and Ames, in his sur-reply, Plaintiff alleges that, when he filed and appealed his grievance, Defendants Frame and Hollingsworth were made aware of the incidents of abuse and assaults and were further aware of his "pleas for assistance." [ECF No. 1 3 at 7-8]. He further contends that these Defendants "ignored the actions of abuse and assaults by those acting under their authority" and effectively "tacitly authorized" such conduct by taking no action. [*Id.* at 8]. Relying on <u>state</u> administrative polices and law, he further asserts that, "once these defendants took the position as to not intervene to rectify the abuses, or act to protect the Plaintiff[,]" they were "no longer acting under the duties and responsibilities of their positions or office." [*Id.*]

Plaintiff's sur-reply further asserts that "as facility administrators and high level operational employees within the WVDCR, Frame, Hollingsworth, and Wilson operate under authority of the Commissioner and within Policy Directives, Operational Procedures, and mandates established by the [Commissioner, Superintendent, and Legislature]. [*Id.* at 4]. The sur-reply further specifically asserts that these Defendants violated WVDCR Policy Directive 129.00 concerning employee codes of conduct and progressive discipline, as well as other state laws. [*Id.* at 5-6].

Defendants' response to the sur-reply asserts, however, that Plaintiff cites only to various provisions of state law and argues that these Defendants should be held liable for the violation of WVDCR policies and procedures under the West Virginia

12

Constitution. As previously noted, an alleged violation of state law or policy, standing alone, is insufficient to give rise to a plausible claim for relief under 42 U.S.C. § 1983, which is premised upon violations of federal constitutional or other federal law. [ECF No. 18 at 3-5]. Defendants further assert that, "[p]er the Complaint, Plaintiff is referencing one alleged instance of excessive force by Correctional Officers Crocker, Dempsey, and Tincher, and the following disciplinary charge [he] received for assaulting these correctional officers." [*Id.* at 2]. Thus, Plaintiff's new references to repeated or continuing abuses is not supported by his factual allegations.

Even liberally construing the complaint to also be alleging a supervisory liability claim against these Defendants, Plaintiff has failed to allege facts demonstrating that these Defendants had actual knowledge of a substantial risk of harm to Plaintiff prior to the conduct of Defendants Crocker, Dempsey, and Tincher on March 9, 2021. Thus, he has not alleged a plausible claim of supervisory liability against them.

For the reasons stated herein, I **FIND** that Plaintiff has failed to allege any plausible federal constitutional claims against Defendants Frame, Hollingsworth, Wilson, or Ward arising out of his allegedly being falsely charged with a disciplinary violation for an alleged assault or the failure to properly investigate the same.

    4.  *Qualified immunity*

Defendants' motions to dismiss further assert that these Defendants are entitled to qualified immunity on Plaintiff's claims against them. [ECF No. 6 at 6-7; ECF No. 28 at 6-7]. Qualified immunity "shields government officials from liability

for civil damages provided their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Haze v. Harrison*, 961 F.3d 654, 660 (4th Cir. 2020); *Meyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013). The following test is used to determine whether a defendant is entitled to qualified immunity: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional right; and (2) was that right clearly established such that a reasonable person would have known that their conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 538–39 (4th Cir. 2017). A defendant is "entitled to a qualified immunity defense so long as 'the law did not put the [defendant] on notice that his conduct would be clearly unlawful.'" *See Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). Because Plaintiff's complaint fails to state a plausible violation of any clearly established constitutional right by these Defendants, I **FIND** that they are each entitled to qualified immunity on Plaintiff's claims against them.

## IV. Conclusion

For the reasons stated herein, I **FIND** that Plaintiff's complaint fails to state any claim upon which relief can be granted against Defendants Frame, Hollingsworth, Wilson, and Ward and, thus, the claims against them are ripe for dismissal. Accordingly, it is hereby **ORDERED** that, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Motion to Dismiss filed by

Defendants Frame, Hollingsworth, and Wilson [ECF No. 5] and the Motion to Dismiss filed by Defendant Ward [ECF No. 27] are **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:  March 21, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE